UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.T., | No. 2:26-cv-01704-DAD-CSK |
| Plaintiff, | |
| v. | ORDER *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| VACAVILLE UNIFIED SCHOOL DISTRICT, | |
| Defendant. | (Doc. No. 1) |

On May 4, 2026, minor plaintiff L.T., proceeding with counsel, filed a complaint initiating this action in federal court. (Doc. No. 1.) Therein, plaintiff makes several factual allegations and also references 20 U.S.C. § 1400 *et seq.*, the Individuals with Disabilities Education Act ("IDEA"). (*Id.* at ¶¶ 1, 9–27.) However, the complaint merely seeks a temporary restraining order pursuant to IDEA and California Education Code § 56505(d) and also requests attorneys' fees without asserting any actual claims or causes of action. (*Id.* at ¶¶ 28–37.) Because this filing fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the court will *sua sponte* dismiss plaintiff's complaint with leave to amend so that plaintiff may attempt to properly state a cause of action.

A district court may dismiss a plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8. *See McLaughlin v. McCloud*, No. 20-35339, 2023 WL 2555704, at *1

1

(9th Cir. Mar. 17, 2023).[1]  Rule 8 requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "A complaint should 'fully set[ ] forth who is being sued, for what relief, and on what theory . . . .' " *Salazar v. Cnty. of Orange*, 564 F. App'x 322, 322 (9th Cir. 2014) (alterations in original) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996)).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit . . . . Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry*, 84 F.3d at 1179.  The court's authority to dismiss pursuant to Federal Rule of Civil Procedure 8 may be exercised *sua sponte*.  *Washington v. City of Glendale Police Dep't*, No. 2:18-cv-06519-CBM-MAA, 2019 WL 13243998, at *1 (C.D. Cal. Apr. 4, 2019).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Here, plaintiff has not plainly stated any cause action.  Under the "Jurisdiction and Venue" section of the complaint, plaintiff states that this action seeks a temporary restraining order pursuant to IDEA and C.E.C. § 56505(d).  (Doc. No. 1 at ¶¶ 1–2.)  However, plaintiff has not stated a cause of action explaining how he is entitled to relief under that law.  Rather, plaintiff

/////

/////

---

[1]  Citation to unpublished Ninth Circuit opinions in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

has stated two prayers for relief, which are a request for a temporary restraining order[2] and a request for the award of attorney's fees. (*Id.* at ¶¶ 28–37.)  Within plaintiff's request for a temporary restraining order, plaintiff argues that he is likely to succeed on the merits of this action because his mother did not agree to "Home Hospital services," yet plaintiff does not explain any legal theory under which these facts would entitle him to relief. (*Id.* at ¶ 35.)  Absent a plain statement of plaintiff's claims, the court is unable to assess whether plaintiff is likely to succeed on the merits of any claim.  Put another way, plaintiff has not provided "a short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Accordingly, the court will dismiss the complaint for failing to comply with Rule 8.  *See Atl. Specialty Ins. Co. v. Top Sealand Int'l Co.*, No. 2:22-cv-04468-MCS-GJS, 2022 WL 19770292, at *2 (C.D. Cal. Dec. 9, 2022) (finding the plaintiff failed to satisfy Rule 8 because the plaintiff did not bring a specific cause of action and the "[p]laintiff fail[ed] to make even a bare 'formulaic recitation of the elements of a cause of action'") (quoting *Twombly*, 550 U.S. at 555).

The court will, however, grant plaintiff leave to amend the complaint.  Leave to amend should be granted "freely" when justice so requires.  Fed. R. Civ. P. 15(a).  The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960).  Reasons "such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of leave to amend.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A district court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Servs.*, 911 F.2d

---

[2] Plaintiff requests a "stay-put" order. (Doc. No. 1 at 9.)  "A parent can request a due process hearing and invoke the stay-put provision when the State proposes to change the child's educational placement." *N.D. ex rel. parents acting as guardians ad litem v. Hawaii Dep't of Educ.*, 600 F.3d 1104, 1114 (9th Cir. 2010) (first citing 34 C.F.R. § 300.507; 34 C.F.R § 300.503(a)).  In all circumstances, however, "[w]here there are no pending proceedings under § 1415, the stay-put provision is inapplicable." *Angel v. Marten*, No. 2:21-cv-07333-ODW-PVC, 2023 WL 4032012, at *9 (C.D. Cal. June 15, 2023), *aff'd sub nom. Angel on behalf of C.A. v. Marten*, No. 23-55625, 2024 WL 2745209 (9th Cir. May 29, 2024) (quoting *Bills v. Va. Dep't of Educ.*, 605 F. Supp. 3d 744, 754 (W.D. Va. 2022)).

242, 247 (9th Cir. 1990).  Nothing before the court suggests there has been any undue delay, bad faith, or dilatory motive on plaintiff's part.  Therefore, plaintiff will be granted leave to amend the complaint.  Further, should plaintiff wish to request a temporary restraining order, plaintiff shall file a properly noticed motion pursuant to Local Rule 231 and Rule 65 of the Federal Rules of Civil Procedure.

For the reasons explained above, plaintiff's complaint (Doc. No. 1) is dismissed without prejudice to the filing of an amended complaint.  Any amended complaint, or notice that no amended complaint will be filed, shall be filed within fourteen days from the issuance of this order.

IT IS SO ORDERED.

Dated:    **May 11, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4