UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

L.T.,

　　　　　　Plaintiff,

　　　v.

VACAVILLE UNIFIED SCHOOL DISTRICT,

　　　　　　Defendant.

No.  2:26-cv-01704-DAD-CSK

ORDER DENYING MOTION TO APPOINT GUARDIAN AD LITEM, DENYING MOTION TO PROCEED IN FORMA PAUPERIS, DIRECTING PLAINTIFF TO PAY FILING FEE, AND ORDERING TO SHOW CAUSE WHY PLAINTIFF'S FIRST CAUSE OF ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

(Doc. No. 2, 3, 8)

On May 4, 2026, plaintiff filed a purported motion to appoint a guardian *ad litem* for plaintiff L.T. (Doc. No. 2), a motion to proceed *in forma pauperis* (Doc. No. 3), and a complaint containing a request for a temporary restraining order (Doc. No. 1).  On May 12, 2026, the court dismissed plaintiff's complaint with leave to amend, finding that plaintiff "has not plainly stated any cause [of] action" in contravention of Federal Rule of Civil Procedure 8 because plaintiff did not explain in any way how the facts he had alleged entitled him to relief.  (Doc. No. 6 at 2–4.)  On May 25, 2026, plaintiff filed a first amended complaint ("FAC").  (Doc. No. 7.)  On June 25, 2026, plaintiff filed a request for status regarding his pending motions for appointment of a

1

guardian *ad litem* and to proceed with this action *in forma pauperis*.  (Doc. No. 8.)

The court first addresses plaintiff's purported motion to appoint a guardian *ad litem*. (Doc. No. 2.)  This purported motion is merely a declaration by the minor plaintiff and his mother.  (Doc. No. 2 at 1–2.)  Federal Rule of Civil Procedure 7(b) provides that a "request for a court order must be made by motion.  The motion must:  (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought."  Plaintiff's "motion" fails to state the grounds for seeking the order and fails to state what relief is sought, namely, whether plaintiff desires appointment of a guardian *ad litem* in this matter[1] and who the proposed guardian *ad litem* would be.  (Doc. No. 2.)  The court accordingly must deny plaintiff's motion as deficient.

Plaintiff's motion to proceed *in forma pauperis* only provides financial information regarding the minor plaintiff.  (Doc. No. 3.)  "[W]here leave to proceed *in forma pauperis* is sought to vindicate the alleged substantive rights of a minor, the financial resources of both the minor and the volunteer parent, next friend, or guardian ad litem should be considered in determining ability to pay the costs of litigation."  *Chavez v. Loma Linda Med. Ctr.*, No. 5:22-cv-01268-SSS-HK, 2022 WL 19827571, at *2 (C.D. Cal. Aug. 1, 2022) (internal quotation marks omitted) (denying the minor plaintiff's *in forma pauperis* application because the application did not include the financial resources of any subsequently appointed guardian *ad litem*). Accordingly, plaintiff's motion to proceed *in forma pauperis* will be denied.

Finally, despite the court's guidance, plaintiff again has failed to fully comply with Federal Rule of Civil Procedure 8 in his FAC.  Plaintiff now brings three purported causes of action:  (1) a request for a temporary restraining order (Doc. No. 7 at ¶¶ 46–50); (2) a request for the award of reasonable attorneys' fees and costs in a state administrative action pursuant to 20 U.S.C. § 1415(i)(3) (*id.* at ¶¶ 51–52); and (3) a request for the award of reasonable attorneys' fees and costs incurred in this action pursuant to 20 U.S.C. § 1415(k) (*id.* at ¶¶ 53–54).  "A claim for

---

[1]  Local Rule 202(a) describes alternatives to appointment of a guardian *ad litem*, such as appropriate evidence that a representative for the minor has already been appointed under state law or that no such appointment is necessary to ensure adequate representation.  L.R. 202(a).

2

injunctive relief is not an independent cause of action." *Lenhoff Enters., Inc. v. United Talent Agency, Inc.*, No. 15-cv-01086-BRO-FFM, 2015 WL 7008185, at *7 (C.D. Cal. Sept. 18, 2025) (internal quotation marks omitted); *see also Cruz v. Select Portfolio Servicing, Inc.*, No. 19-cv-000283-LHK, 2019 WL 2299857, at *10 (N.D. Cal. May 30, 2019) (collecting cases). Accordingly, plaintiff's first cause of action, which includes plaintiff's request for emergency relief, again appears to fail to state any cognizable cause of action.[2]

For the reasons above,

1. Plaintiff's motion to appoint a guardian *ad litem* (Doc. No. 2) is DENIED without prejudice;

2. Plaintiff is directed to comply with Local Rule 202(a);

3. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 3) is DENIED without prejudice;

4. Plaintiff is directed to file a properly-supported application to proceed *in forma pauperis* or pay the required filing fee by no later than July 14, 2026;

5. Plaintiff is ORDERED TO SHOW CAUSE in writing no later than July 7, 2026 why his first cause of action should not be dismissed for failure to comply with Federal Rule of Civil Procedure 8; and

6. Plaintiff is cautioned that failure to comply with this court's orders may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **June 27, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] The Ninth Circuit has held that "the IDEA authorizes an action solely to recover attorneys' fees and costs, even if there has been no administrative or judicial proceeding to enforce a student's rights under the IDEA." *P.N. v. Seattle School Dist. No. 1*, 474 F.3d 1165, 1169 (9th Cir. 2007) (citing 20 U.S.C. § 1415(i)(3)). Accordingly, plaintiff's second cause of action appears to satisfy the requirements of Federal Rule of Civil Procedure 8. The court does however note that plaintiff's third cause of action purports to be brought pursuant to 20 U.S.C. § 1415(k), which does not include any subsection regarding attorneys' fees.

3